PATRICK HOGAN AND EDWARD HOGAN, Respondents, *v.* STEAM-BOAT MINNIE, Appellant.

*Boats and Vessels—Courts—Jurisdiction—Admiralty.*—A contract for work and labor done and materials furnished in repairing a vessel at her home port, is not a maritime contract, and may be enforced against the boat under the statutes of this State.

*Appeal from St. Louis Circuit Court.*

*John W. Noble,* for respondents.

*Clark, Coonley,* and *Knight,* for appellant.

HOLMES, Judge, delivered the opinion of the court.

This was a suit against the boat under the statute for work and labor done and materials furnished in making repairs on the boat in the home port, under contract with the resident owners and within the territorial jurisdiction of the State.

We think this was a land contract though relating to a vessel, and not a maritime contract within the exclusive jurisdiction of the admiralty. Every contract that relates to a boat is not necessarily maritime—2 Pars. on Mar. Law, 512. It does not therefore come within the decision in the case of the Ad. Hine v. Trevor, (Sup. Court of the U. S., Dec. T. 1866). The decision in Boylan v. St. Bt. Victory (decided at this term), on this point, covers this case.

It was insisted for the defendant that there was a balance of account due the owners of the boat on some transactions between the parties of previous date to the repairs which were the subject of the suit and lien in this case, and it was claimed that such balance should have been applied as a payment on this demand. There was no plea of set-off or counter-claim, and no proof of any agreement for an application of this supposed balance as a payment on the demand sued for. We do not see that the rule as to the application of payments had any thing to do with the case. The evidence appears to have fully sustained the plaintiffs' petition, and we have found no such error in the instructions as will justify a reversal of the judgment.

Judgment affirmed. The other judges concur.